IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| THOMAS JEROME TAYLOR, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | 1:13CV1038<br>1:05CR418-1 |

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner, Thomas Jerome Taylor, a federal prisoner, brings a Motion [Doc. #49] to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, which Respondent opposes with a Response [Doc. #52]. Petitioner pled guilty to one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). He received a sentence of 195 months imprisonment as a career offender under USSG § 4B1.1. In his present Motion, Petitioner contends that his sentence is no longer valid because, under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), he did not face more than a year in prison for the predicate felonies supporting the career offender enhancement. However, the United States Court of Appeals for the Fourth Circuit recently addressed the question of whether such a career offender challenge was cognizable on collateral review, and held that a challenge to a career offender designation based on Simmons was not the type of alleged sentencing error that could be corrected on collateral review. United States v.

Foote, 784 F.3d 931, 943 (4th Cir. 2015), cert. denied, ___ U.S. ___, 135 S. Ct. 2850 (2015).[1]

Therefore, Petitioner's career offender challenge in this case is not cognizable in this collateral review proceeding and his Motion should be dismissed.[2]

IT IS THEREFORE RECOMMENDED that Petitioner's Motion [Doc. #49] to vacate, set aside or correct sentence be denied and that this action be dismissed.

This, the 21st day of September, 2015.

                                                           /s/ Joi Elizabeth Peake  
                                                   United States Magistrate Judge

---

[1] Petitioner cites the case of Whiteside v. United States, 748 F.3d 541 (4th Cir. 2014), as supporting the cognizability of his claim. However, that case is no longer controlling precedent in light of a later opinion, Whiteside v. United States, 775 F.3d 180 (4th Cir. 2014) (en banc). Instead, Foote controls the issue of cognizability and constitutes binding precedent for this Court.

[2] The Government also contends that Petitioner's claim is barred by the applicable statute of limitations. It appears that this argument would also defeat Petitioner's § 2255 Motion. Whiteside, 775 F.3d at 187 (holding that Simmons did not create an exception to the applicable statute of limitations). In addition, the Government maintains that Petitioner remains a career offender even following Simmons. However, the Court need not address that issue in light of the lack of cognizability and the statute of limitations.